IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

MEGAN GOLD, on behalf of herself
and others similarly situated,
    Plaintiff,

v.

YOUMAIL, INC.,
    Defendant.

1:12-cv-0522 TWP-TAB

## COMPLAINT

## CLASS ACTION

1.    The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), prohibits unsolicited text messages to cell phones.

2.    Defendant YouMail, Inc. ("YouMail") sent Plaintiff an unsolicited advertising text message. Plaintiff seeks statutory damages for herself and a class of similarly situated persons, along with an injunction prohibiting the illegal conduct in the future; remedies both expressly authorized by 47 U.S.C. §227(b)(3).

## PARTIES

3.    Plaintiff, Megan Gold, is an individual who lives in Indianapolis, Indiana.

4.    Defendant YouMail, Inc. is a California corporation that does business in this district. Its headquarters are located at 2102 Business Center Drive,

Irvine, California. According to its "about us" web page, youmail.com processes over 1 million telephone calls per day.

## JURISDICTION AND VENUE

5.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012),

6.     Venue is proper because a substantial portion of the events complained of occurred in this District.

## FACTS

7.     Defendant provides feature-rich voice mail services for cellular telephones, as an alternative to using the voice mail that may come along with cellular telephone service.

8.     Plaintiff, who has no relationship with YouMail, called and left a voice mail message for a person who had signed up for defendant's services.

9.     Almost immediately after Plaintiff left the voice mail, YouMail sent plaintiff a text message from 52894, that says:

> RE: Your voicemail to Brett (551-xxx-xxxx) - Click for more: http://ymvm.it/[XXXXX]

[the "x" characters above indicate information redacted to preserve privacy.]

10.    YouMail calls this type of text message a "Voice Mail Receipt."

11. When one clicks on the second hyperlink in the message, which has been partially redacted herein to preserve the privacy of plaintiff and the person she called, one is taken to an internet web page that showed not only information regarding a "voicemail receipt," but that also displayed substantially the following text, which was an advertisement for YouMail:

> **Reasons to join YouMail**
> **Fast**       See, scroll, and play
> **Smart**    See caller's names and pictures
> **Handy**   When you're phone's out of reach
> **Fun**        Greet callers by their name
> **Unified**  One mailbox for home, work and mobile
>
> **Join YouMail Today!**

12. Plaintiff did not consent to receive any text message from YouMail.

13. Upon information and belief, defendant did not "scrub" plaintiff's cellular telephone number to determine whether it was on the federal do-not-call list before it sent the text that is the subject of this lawsuit. Upon information and belief, defendant does not have a practice of using such a service before sending any Voice Mail Receipt sms text message.

14. Additionally, the person whose cell phone plaintiff called did not authorize YouMail to send "receipt" text messages with advertising features to persons that leave him voice mails.

15. Indeed, in or around March 2012, YouMail unilaterally changed the default settings for all of its users, so that persons who left voice mails would receive receipts with links to advertisements for YouMail, like plaintiff did.

16. The "Voice Mail Receipt" text messages that YouMail sends are sent automatically to callers that leave voice mails for YouMail customers.

17. Although human beings at YouMail may have been involved in setting up the Voice Mail Receipt system and service, the sending of such text messages is done automatically, and without any human intervention at all on the part of YouMail.

18. Plaintiff and the class were substantially and directly injured by defendant's violations of the TCPA.

19. Their privacy was improperly invaded through this unsolicited intrusion upon their seclusion, text messages were used from their "bucket" of allotted messages, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Doc. 02-278, 18 FCC Rcd. 14014, 14114, paragraph 165 (July 3, 2003), they were annoyed and were forced to tend to unsolicited messages that advertised defendant's products and services. *Mims,* 132 S.Ct. at 740.

## COUNT I – TCPA – CLASS COUNT

20. Plaintiff incorporates all previous paragraphs.

21. The Voice Mail Receipts YouMail sent to plaintiff and the class violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), and corresponding regulations because they were sent using an "automatic telephone dialing system" as described above.

## CLASS ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and a class pursuant to Fed.R.Civ.P. 23(b)(3) and 23(b)(2).

23. The class consists of all persons with Indiana area code cell phone numbers to whom defendant or some person on its behalf successfully sent an sms text message Voice Mail Receipt, at any time after March 1, 2012, where YouMail obtained the telephone number to which it sent the text message solely through acting as a voice mail conduit.

24. Upon information and belief, there are more than one hundred persons in the class defined above.

25. Common questions of law and fact exist as to all members of the Class; and these common questions predominate over questions affecting individual members. Common questions for the Class include:

    (a) Is Defendants' conduct and equipment governed by the TCPA? and

(b) Are the class members entitled to enhanced damages based on the willfulness of Defendant's conduct?

26. Plaintiff will fairly and adequately protect the interests of the Class, her claims are typical of the claims of the members of the class, and she has retained counsel competent and experienced in class action litigation.

27. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective classes is impracticable, (b) many class members are unaware that their rights have been violated, and (c) many members of the class likely cannot vindicate their rights through individual suits because their damages are small relative to the burden and expense of litigating individual actions.

28. Defendant continues the illegal conduct complained of herein, and should therefore be enjoined from future violations.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of herself and the class and against YouMail, Inc. for:

    a. an order certifying the Class as defined above;

    b. an award of statutory damages of $500 per text message, and up to $1,500 per text message if shown to be willful;

c. a declaration that defendant's conduct violates the TCPA and an injunction requiring Defendant to cease all wireless spam activities;

d. reasonable attorney's fees and costs as part of a common fund award, if any; and

e. such further and other relief the Court deems appropriate.

Respectfully submitted,

Alexander H. Burke
Illinois Bar Number: 6281095

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com


Sabatini Law Firm, LLC (pro hac vice motion imminent)
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
(570) 504-2769 (fax)
ecf@bankruptcypa.com

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted,

*/s/ Alexander H. Burke*
Alexander H. Burke
Illinois Bar Number: 6281095

Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com


Sabatini Law Firm, LLC (pro hac vice motion imminent)
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
(570) 504-2769 (fax)
ecf@bankruptcypa.com