IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MEGAN GOLD on behalf of herself and others similarly situated, | ) ) | 1:12-cv-00522-TWP-TAB |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY DEMANDED |
| YOUMAIL, INC. | ) ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

This is a Telephone Consumer Protection Act, 47 U.S.C. §227, case alleging improper automated advertising text messages sent to plaintiff's cell phone. Plaintiff filed a motion for leave to amend, seeking to add Defendant's board of directors, because recently received discovery shows that they participated and controlled the sending of such messages, and agreed to continue sending such messages for their pecuniary benefit, after YouMail had been sued.

YouMail argues that the amendment should be disallowed because, in its view, the motion for leave is untimely and because it is futile. YouMail is wrong. The motion for leave to amend should be granted.

**I. Plaintiff has Not Engaged in Delay.**

The most important factor for the court to consider as to "good cause" on a motion for leave to amend that is filed after the date in the Rule 16 order is whether the plaintiff has engaged in undue delay. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2009). Once a party has satisfied the showing under Rule 16(b), it must satisfy Rule 15(a). *Id*. "Rule 15(a)'s liberal standard allows for amendments at virtually any time during the course of litigation,

1

though the court may deny leave to amend for undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility." *CDW, LLC v. NeTech Corp.*, 2012 WL 3489667 (S.D. Ind. Aug. 14, 2012). As explained below, and as conceded by YouMail, plaintiff has litigated this case "diligently."

Plaintiff issued initial discovery requests on June 13, 2012, which included requests for all documents relating to policies, practices or procedures relating to YouMail's text messaging. Since that time, the parties have been actively engaged in Rule 37 discovery talks. Plaintiff's primary push has been to obtain documents that might suggest that the board of directors have liability.

Document productions have been slow. On October 31, 2012, YouMail produced approximately 120 pages of emails between YouMail's president, Alex Quilici, and the board of directors. The emails suggested that there may have been several board meetings since this lawsuit was filed. After reviewing these emails, plaintiff filed a motion for leave to amend to add certain board members three weeks later, on November 19, 2012. Plaintiff later requested to withdraw the first motion because incorrect board members were named as defendants.

Plaintiff's counsel requested supplementation of the discovery, to include more information regarding board member participation in decisions to send return receipt text messages, including minutes for board meetings, and the PowerPoint presentations that were presented at those meetings. The PowerPoint presentations were produced on November 26, 2012. The board minutes for the May 23, 2012 meeting still have not been produced. Defendant has explained that they cannot be located, even though the meeting happened during the pendency of this lawsuit.

Plaintiff has attempted to strike the correct balance between amending the complaint and having sufficient information to add the board of directors. For its part, YouMail recognizes that the delay in discovery has been the result of the parties working together to resolve issues regarding missing documents through means other than discovery motions. YouMail does not contend that plaintiff has failed to be diligent, and does not claim to suffer any prejudice. Plaintiff filed this motion for leave to amend on December 22, 2012, less than four few weeks after receiving the PowerPoint presentations, which shows that the board considered this lawsuit, and decided to continue sending receipts.

Board participation and decision making as to whether to continue sending the text messages that are the subject of this lawsuit is critical to the allegations in the amended complaint because, as explained below, board members that actively participate in the decision to violate the TCPA may be held personally liable.

## II.  The New Defendants Exercised Authority and Control Over the Decision to Send the Challenged Text Messages, and May be Held Liable Under the TCPA.

The new proposed defendants are individual board members, who actively and conclusively participated in the decision to continue to send the text messages that are the subject of this lawsuit. The new defendants' brash drive to make YouMail profitable through the illegal advertising challenged here is overshadowed only by their complete disregard for the privacy rights and pocketbook of recipients of their advertising text messages. As explained below, the board of director members that participated in the decision to keep sending the return receipt text messages after YouMail had been sued, are proper defendants in a TCPA suit.

In *Maryland v. Universal Elections, Inc.*, 787 F.Supp.2d 408, 415-16 (D.Md.2011), summary judgment for plaintiff granted, 862 F.Supp.2d 457 (2012), the Maryland Attorney General filed suit against a robodialer company, and its owner and employee, for blasting political robocalls that discouraged voters from going to the polls. The owner, employee and corporate defendant all moved to dismiss, arguing that they were insulated from liability because they hired a *separate company* to make the robocalls. From defendants' point of view, they could not be held personally liable for calls that were made by someone else. The Court held that persons that hire third parties to make robocalls are liable for TCPA violations.

The corporate executive individual defendants also moved to dismiss, arguing that they could not be held personally liable. In a thoughtful opinion, the District Court rejected the notion that corporate executives and board members could hide behind corporate formalities to avoid liability for TCPA violations that they approved.

> The "any person" language of § 227(d), however, plainly applies to individuals; the section does not impose liability only on entities. Moreover, courts that have addressed the issue have concluded that individuals acting on behalf of a corporation may be held personally liable for violations of § 227(d) if they "had direct, personal participation in or personally authorized the conduct found to have violated the statute."
>
> ****
>
> Indeed, when a corporation violates a statute, individuals who "voluntarily and intentionally caused the corporation to act" in violation of the statute can be personally liable for those statutory violations, such as when a director votes for the commission of an unlawful act.
>
> ****
>
> Moreover, if an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.  ….  Congress cannot have intended for such individuals to avoid personal liability by affiliating themselves with an entity such as Universal Elections.

\*\*\*\*

For these reasons, if the State of Maryland can prove that Henson and Russell directly participated in or authorized the statutory violations, they may be personally liable under the TCPA.

*Id*. at 416-17.

Seventh Circuit precedent is in accord. In *FTC v. World Media Brokers*, 415 F.3d 758, 764 (7th Cir. 2005), which is quoted in *Universal Elections*, the FTC filed suit against several corporations and corporate officers for violation of the Telemarketing Sales Rule ("TSR"), for deceptive trade practices.[1] The District Court found that the corporate officers were personally jointly and severally liable, and entered judgment against them for $19,000,000. On appeal, the corporate officers argued that they could not have personal liability, because the corporation, rather than they, performed deceptive practices. The Seventh Circuit held that, regardless of whether the officers directly (or indirectly) engaged in deceptive conduct, they were liable for the TSR violations because they had "authority and control" over corporation's affairs, or "participated directly" in the illegal acts. In deciding that the individuals were liable, *World Media Brokers* also gave substantial weight to the fact that the directors were on notice that the corporation was acting deceptively, because of a warning letter defendants received from the Oregon Attorney General and a cease and desist demand from the United States Postal Service.

Applying the reasoning of *World Media Brokers* to this case shows that Plaintiff has stated a valid claim against the defendant board members. The proposed Amended Complaint

---

[1] The TSR, 16 C.F.R. § 310.1-9, is the FTC's enforcement mechanism for telemarketing abuse, and is a sister regulation to 47 C.F.R. §64.1200, which applies to this case.

in this action alleges that the board of directors had authority and control over YouMail, and specifically alleges that the proposed new defendants exercised that authority and control in May 2012, by participating in a decision to keep sending such messages, even though YouMail had already been sued for the practice. Furthermore, the Amended Complaint alleges that each of the new defendants actively participated in a common agreement to send the text messages that are the subject of this case, in spite of having been sued twice for such messages. (Amended Complaint ¶¶ 7, 8-13.) The Amended Complaint further alleges that the board members made the decision to continue sending the advertising text messages:

> in around late spring/early summer 2012, the YouMail Board of Directors, including the defendants herein, held a meeting wherein the legality and propriety of sending the "receipt" text messages at issue here was discussed. The Board of Directors, including each of the members that are defendants, decided to continue sending such messages. No board member resigned as a result of the ultimate board decision to keep sending the illegal text messages.

(Amended Complaint ¶ 24.) That the board considered, and rejected, the possibility of stopping the practice of sending "return receipt" text messages demonstrates factually that the board had "authority and control" over whether to continue the illegal behavior.

The decisions discussed by defendant say nothing different, and support plaintiff's position. *Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 898 (W.D.Tex 2001), held that

> an officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved. Individuals who directly (and here, knowingly and wilfully) violate the TCPA should not escape liability solely because they are corporate officers.

Here, plaintiffs allege that each of the proposed board of director defendants personally authorized the illegal return receipts. (Amended Complaint¶¶23-29.) The complaint even alleges one specific circumstance where this participation and authorization was manifested:

the May 2012 board meeting. If proven true, the allegations in the Amended Complaint will render the proposed new defendants liable for the text messages that are the subject of this case.

Just like the two corporate officer defendants in *Covington & Burling Int'l. v. Mktg & Research*, 2003 WL 21384825 (D.C.Sup. Ct. Apr. 17, 2003), the proposed corporate defendants in this case were "central figures" and "guiding spirits" in deciding to continue sending the illegal telemarketing text messages – in fact, they were the decisionmakers.

Decisions outside the framework of corporate liability are persuasive on this issue, too. The TCPA does not permit the employment of others to make telemarketing calls in order to avoid liability, if the purpose of the calls is for the defendant's pecuniary benefit. For example, in *United States v. Dish Network, LLC*, 667 F. Supp. 2d 952 (C.D. Ill. 2009), certification of interlocutory appeal denied, No. 09-3073, 2010 WL 376774, 2010 U.S. Dist. LEXIS 8957 (C.D. Ill. Feb. 4, 2010), the Federal Trade Commission initiated TCPA litigation against Dish for telemarketing via robocalls to consumers whose numbers were listed on the Do Not Call Registry, pursuant to the TSR.

Dish argued that the calls were made by "independent contractors" that it did not control. The Court rejected this argument recognizing that no formal agency relationship was necessary to impose TCPA liability on Dish and that liability would extend to Dish if its representatives "acted as Dish Network's representatives, or for the benefit of Dish Network." 667 F. Supp.2d at 963. Ms. Gold in this case has alleged that *all* defendants were engaged in a concerted effort to make money through advertising via illegal text message, for the monetary benefit of each and every defendant. (Amended Complaint ¶¶ 24-28.) The relationship and

degree of control between the board defendants and YouMail is even closer than the relationship between Dish and the third party robodialer. The board members voluntarily and officially associated themselves with YouMail for their own pecuniary benefit. The return receipt text messages that are the subject of this case are the primary form of advertising for YouMail (Amended Complaint ¶26), and frankly, appear to be the only reason YouMail still exists today.

The same "we did not push the button" argument was also rejected in *Desai v. ADT Security Systems, Inc.*, where ADT claimed it was not responsible for home security robocalls sent to consumers made by third parties acting on its behalf and for its benefit. *Desai v. ADT Sec. Servs., Inc.*, 2011 WL 2837435 at *1 (N.D. Ill. July 18, 2011). The Desai Court held that "[t]he term 'initiate' is broad enough to include cases where . . . a party has encouraged or otherwise prompted its authorized dealers to make calls on its behalf."

Perhaps most compelling, just a few weeks ago, similar issue was decided in *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 6737190 (Dec. 28, 2012) (N.D.Ill, Kennelly, J.). *Birchmeier* is a TCPA class action against a cruise line for engaging in robocall telemarketing in violation of the TCPA. *Id*. Like YouMail, the defendant in Birchmeier claimed it was not liable for robocall telemarketing conducted for its benefit by a third party because it did not physically dial or initiate the robocalls at issue.

In one paragraph, Judge Kennelly rejected this argument, recognizing that to allow a "well-heeled" entity to simply "direct" an "impecunious defendant" to place "unsolicited prerecorded calls to consumers" and then to escape liability under the TCPA by claiming that only the dialer of the call is liable would be "absurd." *Id*.; *see also In re Jiffy Lube Int'l, Inc. Text*

*Spam Litig*, 847 F.Supp.2d 1253, 1256-58 (S.D.Cal. 2012) (defendant could be liable for transmitting illegal text messages to consumers even if the defendant did not physically send the messages at issue); *Bridgeview Health Care Center Ltd. v. Clark*, 2011 U.S.Dist. LEXIS 112698; 2011 WL 458028 at *405 (N.D.Ill. Sept. 30, 2011) (rejecting defendant's claim that the only the third party independent contractor it hired to telemarket for its benefit is liable under the TCPA).

YouMail has repeatedly stated that it has no money. The board of director defendants appear to be quite well-funded, individually and through their venture capital companies. Just as it would be "absurd" for Caribbean Cruise Line to be immune from suit when it hires impecunious third parties to peddle its cruises through illegal robocall, it would be absurd for the board of directors to benefit from illegal telemarketing, while at the same time avoid liability for the calls they expressly approved.

**CONCLUSION**

For the forgoing reasons, the motion for leave to amend should be granted.

Respectfully submitted,

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

Carlo Sabatini
Sabatini Law Firm, LLC
216 N. Blakely St.

Dunmore, PA 18512
(570) 341-9000

## Certificate of Service

      The forgoing document was served through the ECF system for the Southern District of Indiana, upon all counsel of record on January 18, 2013.

    Michael S. Adler, Esq.
    Tantalo & Adler LLP
    1901 Avenue of the Stars, Suite 1000
    Los Angeles, CA 90067
    madler@ta-llp.com

    Jimmie L. McMillian Jr.
    Barnes & Thornburg LLP
    11 South Meridian Street
    Indianapolis, IN 46204-3535
    jimmie.mcmillian@btlaw.com

                                                          /s/Alexander H. Burke