UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MEGAN GOLD, on behalf of herself and others )
similarly situated, )
        Plaintiffs, )
)
   vs. )   1:12-cv-0522-TWP-TAB
)
YOUMAIL, INC., )
        Defendant. )

**ORDER ON PLAINTIFFS= MOTION FOR LEAVE TO AMEND COMPLAINT**

This Telephone Consumer Protection Act case alleges that Defendant YouMail sent telemarketing text messages using an automatic telephone dialing system without the consent of the recipients. Plaintiffs seek leave to amend the complaint to add the board of directors and the Chief Information Officer as Defendants and to alter the class definition. For the reasons below, Plaintiffs= motion for leave to amend the complaint [Docket No. 33] is granted.

Federal Rule of Civil Procedure 15(a)(2) provides that courts Ashould freely give leave when justice so requires.@ But when a party fails, as in this case, to seek leave before the applicable deadline, the Court must first determine whether there is good cause for amending the complaint after the deadline. *Alito v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). AIn making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment.@ *Id.* at 720.

Plaintiffs= reply outlines the diligent steps taken to identify board members and conduct related to this lawsuit. [Docket No. 38 at 2B3.] Despite serving initial discovery requests in

June 2012, Defendant produced approximately 120 pages of emails between Defendants= president and board directors on October 31, 2012.  [*Id.*]   After reviewing these emails, Plaintiffs believed that several board members should be included in this lawsuit.  [*Id.*]   About three weeks later, Plaintiffs moved to amend the complaint but withdrew their motion after discovering that they incorrectly named certain board members.  [*Id.*]   Plaintiffs then requested supplemental discovery about the board members= participation in decisions to send return receipt text messages, including board meeting minutes and related PowerPoint presentations.  [*Id.*]   The PowerPoint presentations were produced on November 26, 2012, but the board minutes still have not been produced.  [*Id.*]   On December 22, 2012, Plaintiffs moved for leave to amend.  [Docket No. 33.]

     Based on the foregoing, Plaintiffs were diligent in obtaining the necessary discovery before seeking an amendment.  Plaintiffs did not receive discovery about the board members= alleged involvement until after the deadline to seek leave to amend.  [*See* Docket No. 21 at 3; Docket No. 38 at 2.]   Moreover, Plaintiffs only sought leave to amend approximately one month after receiving the PowerPoint presentations.  Given that Plaintiffs needed time to review the PowerPoint presentations and were waiting to receive the board minutes which still have not been produced, a month lapse between receiving the PowerPoint presentations and seeking leave is not unreasonable.  In light of the steps taken by Plaintiffs to obtain discovery and the related delays in production, Plaintiffs have satisfied the good cause standard.[1]

     Turning to Rule 15(a)(2)=s liberal amendment standard, Defendant has not sufficiently

---

[1] Accordingly, the Court need not consider whether settlement talks also constitute good cause.

articulated a reason to deny the amendments. "Reasons for finding that leave should not be granted include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 822 (7th Cir. 2011). Defendant claims that the proposed amendments would cause undue delay and are futile. Neither objection is well taken.

Defendant argues that counsel for YouMail will not represent all of the additional directors and therefore retaining additional counsel unfamiliar with this case will cause undue delay. [Docket No. 34 at 6.] Defendant notes the approaching February 20, 2013, dispositive expert discovery deadline and the March 20, 2013, deadline for all discovery and dispositive motions. However, despite these approaching deadlines, the parties have completed the majority of discovery and any discovery associated with these new Defendants should move quickly. In the event that new counsel may need some additional time, there is some room to extend deadlines since trial is scheduled for December 2013.

Defendant also argues that adding the Chief Executive Officer and Chief Information Officer are futile because they are parties to the related *LeDorze* litigation in California.[2] However, simply because the CEO and CIO are parties in a related lawsuit does not make the amendment futile. Additionally, Defendant argues that Plaintiffs' "conclusory allegations are not only insufficient but would at most attempt to establish conspiracy liability and conspiracy liability between various persons within a single corporation cannot be a basis for liability under

---

[2] Defendant's reference to a CTO appears mistaken and presumably refers to the CIO. [*See* Docket No. 34 at 6; Docket No. 33 at 7.]

the TCPA." [Docket No. 34 at 6.] Defendant's argument misses the point.

Upon establishing corporate liability, Plaintiffs are "obligated to demonstrate that the individual defendants either participated directly in the deceptive acts or practices or had authority to control them." *F.T.C. v. World Media Brokers*, 415 F.3d 758, 764 (7th Cir. 2005). "Such authority may be demonstrated by active participation in the corporate affairs . . . ." *Id.* Plaintiffs "must also prove that the individual defendants either knew or should have known about the deceptive practices, but it is not required to prove subjective intent to defraud." *Id.*

The proposed amended complaint asserts that the board members "actively participated in a common agreement among defendants to send the telemarketing text messages that are the subject of this lawsuit, including the decision to continue sending such text messages after YouMail had been sued." [Docket No. 33 at 6-7.] Plaintiffs support this statement by asserting that in spring or summer 2012, YouMail's board of directors held a meeting "wherein the legality and propriety of sending the 'receipt' text messages at issue were discussed." [*Id.* at 9.] "The Board of Directors, including each of the members that are defendants, decided to continue sending such messages." [*Id.* at 9-10.] These allegations sufficiently assert that board members knew or recklessly disregarded the alleged deceptive practices at issue and had authority to control those alleged practices. Accordingly, the individual claims against the board of directors are not futile.

4

For these reasons, Plaintiffs= motion for leave to amend the complaint [Docket No. 33] is granted. Because Plaintiffs did not sign the amended complaint and did not file the amended complaint as an exhibit separate from its motion, *see* Local Rule 5B6(a), Plaintiffs are given leave to refile the amended complaint within 14 days, which shall be deemed filed as of December 22, 2012, the date of Plaintiffs= motion for leave. Defendant shall have 20 days from the date the amended complaint is filed to answer or otherwise respond.

DATED: 02/21/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Michael S. Adler
TANTALO & ADLER, LLP
madler@ta-llp.com

Alexander H. Burke
BURKE LAW OFFICES, LLC
aburke@burkelawllc.com

Brett Freeman
SABITINI LAW FIRM, LLC
bfecf@bankruptcypa.com

Jimmie Lamar McMillian
BARNES & THORNBURG LLP
jmcmillian@btlaw.com

Carlo David Sabatini
SABATINI LAW FIRM, LLC
ecf@bankruptcypa.com