UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MEGAN GOLD, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YOUMAIL, INC., ALEX QUILICI, MIKE RUDOLPH, MILES VALENTINE, ERIC VER PLOEG, RICK PROTSKO, and CRAIG COOPER,<br><br>Defendants. | Case No. 1:12-cv-0522-TWP-TAB |

**JOINT MOTION FOR REFERRAL TO FCC REGARDING
ISSUES RAISED IN GC DOCKET NO. 02-278**

Plaintiff Megan Gold and Defendant YouMail, Inc. file this joint motion for the referral of the issues raised by Defendant's petition for declaratory ruling, GC Docket No. 02-278, to the Federal Communications Commission.  In support of this Motion, the parties state as follows:

**PRELIMINARY STATEMENT**

The Telephone Consumer Protection Act, 47 U.S.C. § 227, and implementing regulations and orders (collectively, "TCPA"), prohibit "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"  47 U.S.C. § 227(b)(1)(A)(iii).  Text messages constitute "calls" within the meaning of the TCPA, *see In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C.R. 14014, 14115 (2003).  At issue in this case is whether the equipment YouMail uses to send its receipt text messages constitute an

"automatic telephone dialing system" pursuant to the TCPA.  *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14,014, 14,091-14,094; ¶¶131-134 (July 3, 2003); *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, 566 (2008); 47 U.S.C. § 227(a)(1).

YouMail provides feature-rich voice mail services for cellular telephones, as an alternative to using the voice mail that may come along with telephone service. As part of its service, the YouMail system allows an option in each YouMail subscriber's account to send "return receipts" via text message to persons who leave voice mails for that subscriber.   The auto-reply setting is not limited to calls from one YouMail subscriber to another, so auto-replies may be sent to non-subscribers who leave a voice mail for a YouMail subscriber.

The complaint in this case seeks to hold YouMail and related entities and persons liable under the TCPA with respect to these calls.

On April 19, 2013, Defendant YouMail submitted a Petition for Expedited Declaratory Ruling to the FCC, seeking a determination regarding: (1) whether its equipment constitutes an "automatic telephone dialing system" within the meaning of the TCPA, (2) whether the recipients of its "voicemail receipts" provided prior consent for such text messages, and (3) whether Defendant constitutes the sender of the "voicemail receipt" text messages for TCPA purposes.  (*See* "April 19, 2013 Petition," attached hereto as <u>Exhibit 1</u>, pp. 1-3.)  On June 25, 2013, the FCC published a notice seeking public comment on YouMail's petition, with a submission deadline of August 9, 2013.  (*See* Public Notice, attached hereto as <u>Exhibit 2</u>.)  Plaintiff learned about this petition just before the 2013 Fourth of July holiday.

While Plaintiff was not originally aware of the April 19, 2013 Petition, now that Plaintiff has become aware of its existence, Defendant has agreed to join Plaintiff in submitting this Motion in order to ensure that Plaintiff can fully participate in the FCC's review of the issues raised. The parties now jointly seek an order from the Court officially referring such issues to the FCC.

## **ARGUMENT**

### I. PRIMARY JURISDICTION DOCTRINE

"The doctrine of primary jurisdiction allows a federal court to refer a matter extending beyond the 'conventional experiences of judges' or 'falling within the realm of administrative discretion' to an administrative agency with more specialized experience, expertise, and insight." *In re StarNet, Inc.*, 355 F.3d 634, 639 (7th Cir. 2004) (quoting *Nat'l Commc'ns Ass'n, Inc. v. AT&T Co.*, 46 F.3d 220, 222-23 (2d Cir. 1995)). Put differently, the doctrine of "primary jurisdiction" provides for a stay of an action before a federal court where, as here, there are issues that arise which are within the special competence of an administrative body. *Illinois Bell Tel. Co., Inc. v. Global NAPs Illinois, Inc.*, 551 F.3d 587, 594 (7th Cir. 2008). "In such cases, either court and agency have concurrent jurisdiction to decide an issue, or only the court has the power to decide it, and seeks merely the agency's advice." *Arsberry v. Illinois*, 244 F.3d 558, 564 (7th Cir. 2001).

"If a court chooses to exercise primary jurisdiction, it does not dismiss the litigation but stays it pending the results of the agency's resolution of the issue, and the action resumes after the agency's decision if that decision has not resolved the entire controversy." *Stoll v. Kraft Foods Global, Inc.*, No. 09- 0364, 2010 WL 3702359, at *5 (S.D. Ind. Sept. 6, 2010) (Pratt,

J.)(citations and quotations omitted).  "There is no fixed formula for applying the doctrine of primary jurisdiction[;] … [i]nstead, a court must consider whether the application of the doctrine meets its articulated purposes of uniformity of decision-making and reliance on agency expertise."  *Midwest Indep. Transmission Sys. Operator, Inc. v. Duquesne Light Co.*, No. 09-1289, 2010 WL 2771873, at *2 (S.D. Ind. July 12, 2010) (citations and quotations omitted).

II.     GIVEN THE PARTICULAR EXPERTISE OF THE FCC, AND FOR THE SAKE OF UNIFORMITY AND FAIRNESS TO ALL PARTIES, THE COURT SHOULD REFER THE ISSUES RAISED BY DEFENDANT TO THE FCC.

Congress granted the FCC authority to implement the TCPA, including by "giv[ing] the agency power to prescribe regulations to implement the legislation, … to exempt calls from the requirements of the Act, … to intervene in suits filed by state attorneys general, … and to enforce [and interpret] the provisions of the Act and its accompanying regulations."  *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 466-67 (6th Cir. 2010) (citations omitted); *see generally* 47 U.S.C. §227(b)(2).  As such, the FCC has acquired considerable experience and expertise concerning the TCPA, including with respect to what constitutes an "automatic telephone dialing system," "prior express consent," and "mak[ing] any call" under Section 227(b)(1)(A) of the statute.

Pursuant to the FCC's power to decide issues relating to the TCPA, YouMail has filed a formal petition for review of its equipment and procedures. The items being reviewed by the FCC include most of the key the same factual legal and factual issues that are at issue in this litigation. The FCC has accepted the petition, and ostensibly plans to rule sometime soon.

Referral of these issues is important to their just determination, and fundamental fairness. Plaintiff is not currently a party to the FCC proceedings, and this motion for primary

jurisdiction referral is intended to make plaintiff an interested party; necessary in order for plaintiff to have so-called *ex parte* meetings with the FCC, like the meetings YouMail had in June 2013 (Exhibit 3). Plaintiff also cannot file an appeal unless she is an "aggrieved party," a status she will not have absent referral. 47 U.S.C. §405(a). Members of the public are not aggrieved parties. *Simmons v. ICC*, 716 F.2d 40, (D.C. Cir. 1983), *Gage v. U.S. Atomic Energy Commission*, 479 F.2d 1214, 1218 (D.C. Cir. 1973).

A referral of such issues to the FCC by the Court will ensure that Plaintiff can actively participate in the FCC proceedings, rather than merely as a member of the general public.  The parties therefore jointly suggest, given the FCC's expertise, experience, and Congressionally-provided authority with respect to the TCPA, that such a referral would be appropriate for a fair review of the issues Defendant has raised.

## CONCLUSION

WHEREFORE, Plaintiff Megan Gold and Defendant YouMail, Inc. respectfully request that the Court grant their proposed Order attached hereto as <u>Exhibit 4</u>, staying these proceedings for one hundred and eighty and referring the issues raised in Defendant's April 19, 2013 Petition to the FCC.

Dated:   July 16, 2013                            Respectfully submitted,

/s/Michael S. Adler                              /s/Alexander H. Burke
Jimmie Lamar McMillian                   Alexander H. Burke
BARNES & THORNBURG LLP         Illinois Bar Number: 6281095
11 South Meridian Street                   BURKE LAW OFFICES, LLC
Indianapolis, IN 46204                       155 N. Michigan Ave., Suite 9020
(317) 236-1313                                    Chicago, IL 60601
(317) 231-7433 (fax) jmcmillian@btlaw.com   (312) 729-5288
                                                              (312) 729-5289 (fax)

| | |
|---|---|
| Michael S. Adler | ABurke@BurkeLawLLC.com |
| (admitted pro hac vice) | |
| TANTALO & ADLER, LLP | Brett Freeman |
| 1901 Avenue of the Stars, Ste. 1000 | (admitted pro hac vice) |
| Los Angeles, CA 90067 | Carlo David Sabatini |
| 310-734-8694 | (admitted pro hac vice ) |
| 310-734-8696 (fax) | Sabatini Law Firm, LLC |
| madler@ta-llp.com | 216 N. Blakely St. |
| | Dunmore, PA 18512 |
| *Counsel for Defendant YouMail, Inc.* | (570) 341-9000 |
| | (570) 504-2769 (fax) |
| | bfecf@bankruptcypa.com |
| | ecf@bankruptcypa.com |
| | |
| | *Counsel for Plaintiff Gold* |

<u>Certificate of Service</u>

     Alexander H. Burke certifies that this document was served upon all parties through the ECF system for the Southern District of Indiana on July 16, 2013.

                                          /s/Alexander H. Burke